IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY WILLIAMS, TDCJ #828343, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-0708 |
| TEXAS COURT OF CRIMINAL APPEALS, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Roy Williams (TDCJ #828343) has filed a "Petition for Writ of Mandamus" under 28 U.S.C. § 1361 ("Petition") (Docket Entry No. 1) against the Texas Court of Criminal Appeals. Because Williams is a prisoner who has not paid the filing fee, the court is required to scrutinize the pleadings and dismiss the action, in whole or in part, if it determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case will be dismissed for the reasons explained below.

## I. Background

Williams explains that he was prosecuted in the 179th District Court of Harris County, Texas, in Cause No. 741,386, but that a mistrial was declared in that case in October of 1997 due to a hung jury.[1] Williams was re-tried and convicted in 1998, and the conviction was affirmed on appeal.[2] Public records reflect that Williams was convicted of capital murder and sentenced to life in prison. See Williams v. State, No. 01-98-00155-CR, 1999 WL 430812 (Tex. App. — June 10, 1999, no pet.).

Williams contends that he filed a state habeas application, which was denied without a written order by the Texas Court of Criminal Appeals on August 16, 2000.[3] Williams contends that the denial of relief was "contrary to established United States Supreme Court precedent."[4] Williams, who alleges that he is unlawfully restrained by the State of Texas in violation of his constitutional rights, seeks a writ of mandamus to compel the Texas Court of Criminal Appeals to "correct it's earlier mistake."[5]

---

[1] Petition, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2] Id. at 2 (referencing Appeal No. 01-98-00155-CR).

[3] Id. (referencing Ex parte Williams, No. 41,123-03).

[4] Id.

[5] Id. at 3.

## II. Discussion

Williams seeks relief under the federal mandamus statute, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Texas Court of Criminal Appeals is a state agency that is not operated by officers or employees of the United States. This court may not grant injunctive relief or issue federal writs of mandamus to direct state officials in the performance of their duties. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Accordingly, the Petition will be dismissed pursuant to 28 U.S.C. § 1915A(b) as frivolous.[6] See Johnson v. Bigelow, 239 F. App'x 865, 865-66 (5th Cir. 2007) (per curiam) (affirming the dismissal as frivolous of a prisoner's request for injunctive relief against a state judge because "the federal courts have no authority to direct state courts or their judicial officers in the

---

[6]To the extent that Williams seeks relief from a state court judgment of conviction, his claims are governed by the federal habeas corpus statute found at 28 U.S.C. § 2254. The court does not re-characterize his Petition as a habeas corpus action, however, because court records show that Williams has already made more than one unsuccessful attempt to challenge his state court conviction on federal habeas review. See Williams v. Cockrell, Civil No. H-00-3131 (S.D. Tex. Feb. 23, 2002) (dismissing the habeas petition with prejudice on the merits); Williams v. Davis, Civil No. H-19-4045 (S.D. Tex. Nov. 9, 2019) (dismissing the petition without prejudice as an unauthorized successive application).

performance of their duties"); <u>Gowan v. Keller,</u> 471 F. App'x 288, 289 (5th Cir. 2012) (per curiam) (affirming dismissal as frivolous of a petition for a writ of mandamus seeking a federal court order compelling judges with the Texas Court of Criminal Appeals to take action in connection with a state habeas proceeding).[7]

### III. Conclusion and Order

Based on the foregoing, it is **ORDERED** that the Petition for Writ of Mandamus filed by Roy Williams (TDCJ #828343) (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) as frivolous.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner. The Clerk will also send a copy to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this the 6th day of March, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]The screening requirement found in the PLRA applies to prisoner mandamus petitions, although the Fifth Circuit has clarified that the filing fee requirement found in 28 U.S.C. § 1915(b) does not apply to mandamus actions such as this one, which concern an underlying state court conviction, rather than a civil rights violation of the sort actionable under 42 U.S.C. § 1983. <u>See In re Stone,</u> 118 F.3d 1032, 1034 (5th Cir. 1997).